

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
**ATTORNEY GENERAL**

Honorable W. K. Baldridge
District Attorney
Denton, Texas

Dear Sir:

Opinion No. 0-7373

Re: Can Denton County legally
purchase gasoline from a son
of the Sheriff of said County
and legally pay for same?

We have your recent letter requesting an opinion of this department on the above stated question. Your letter reads as follows:

"I shall appreciate it very much if you will give me your opinion in answer to the following question, to-wit:

"Can Denton County legally purchase gasoline from a son of the Sheriff of said County and legally pay for same?

"Article 432, Vernon's Ann. P. C., provides 'No officer. . . .of any county. . . .shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever.'

"Article 435, Vernon's Ann. P. C., provides, 'No officer or other person included within the third preceding article (432) shall approve any account or draw or authorize the drawing of any warrant or order

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. W. K. Baldridge - Page 2

to pay any salary, fee or compensation of such
ineligible office or person, knowing him to be so
ineligible.'

"The Sheriff of Denton County, Texas, works under
the salary system and the automobiles which are pro-
vided for the use of the Sheriff and his deputies are
owned by said Denton County. The expenses of the oper-
ation of the Sheriff's automobiles are paid by Denton
County. The Sheriff has established the custom of
distributing his gasoline purchases among all of the
retail gasoline stations in Denton, that is, by giving
all of his gasoline business to one station for one
month, then transferring his business to another station
for one month, until he has purchased from all of the
retail outlets in Denton.

"The Sheriff and his deputies buy the gasoline for
the county owned cars and charge same to Denton County.
At the end of the month the sales tickets are presented
to the Commissioners' Court and they are paid by Denton
County.

"The son of the Sheriff operates a gasoline station
in this city on a commission basis. The Sheriff's son
is the manager of the station which is owned by a major
oil company and he makes a profit on each gallon of gaso-
line that he sells.

"The Sheriff merely makes the purchases of gasoline,
charging same to Denton county. The Commissioners' Court
approves the payment of same. The Sheriff has no voice
in the approval of the accounts or the payment of same.

"It is not clear to me whether the above quoted
statutes prohibit the Sheriff under the above facts from
making such purchases from his son. I should like for
you to give me your opinion as to whether the 'Nepotism'
statutes would prohibit Denton County from approving and
paying the claim of the son of the Sheriff under the
above stated facts."

Hon. W. K. Baldridge - Page 3

It is clear to us that your question, in conjunction with the factual information submitted, lies wholly outside of Articles 432 and 435 of the Texas Penal Code.

We, therefore, respectfully answer your question in the affirmative.

The Nepotism statute is designed to and does prohibit the County Commissioners and County Judge from appointing, voting for or confirming the appointment to any office, position, clerkship, employment or duty of any person related within the prohibited degree to such officials when they would attempt to pay public funds to such other person, but said statute clearly does not prohibit mere purchases from a person so related to them. In the instance cited in your letter there has been no attempt to appoint the Sheriff's son to any office, employment, position or duty, but the County is merely making purchases from him, and even if the Sheriff's son was related to the County Judge and some one or all of the County Commissioners by affinity within the second degree and by consanguinity within the third degree, still mere purchases by the Commissioners' Court from him would not be prohibited under the laws of this State unless it is shown that some member of the Court was pecuniarily interested in such purchases. It is well established in Texas that contracts entered into by a public officer in his official capacity are illegal and void if such officer either directly or indirectly has a pecuniary interest in such contract. Meyers et al vs. Walker et al, 276 S.W. 305.

We are enclosing copies of our Opinion No. O-2383 wherein this department held that a school board could lawfully buy gasoline and oil on the contract basis etc. for the use of the school from a good cousin of one of the members of the school board, and that a school board could lawfully give printing work to the brother of one of the members of the school board, which printing was to be paid for out of school funds.

Further we are enclosing copy of Opinion No. O-2856 wherein this department held that it was not illegal for a County Commissioner to purchase emergency supplies for construction and repair of County roads as an agent of the County, under authority of the Commissioners' Court, from the Commissioners' brother who owned and operated a business, where the Commissioner was not pecuniarily

Hon. B. K. Baldridge - Page 4

interested in the contract of purchase.

Our affirmative answer to your first question necessarily compels the conclusion that your second question should be and is hereby answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

BY
Joe McCasland
Assistant

JMc:djm

Enclosures

OCT 30 1946

J. C. Davis, Jr.

...Y GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY